Minshall, C. J.
The administrators of Benjamin S. Brown, in an action against George Hafer, caused him to be subpoenaed by a notary to give his deposition. On the advice of his counsel, he refused to be *171 sworn, and the notary having committed him for contempt, he applied to a judge of the court of common pleas for a release under section 5255, Revised Statutes. His application was refused and he was recommitted under the order of the notary. The action of the judge was affirmed by the circuit court; and error is prosecuted here for the reversal of the action of the circuit court, and an order releasing the plaintiff in error. No question is made here as to the power of the notary to commit in proper cases; that has been settled by the previous decisions of this court. De Camp v. Archibald, 50 Ohio St., 618. The point is that this was not a proper case, and that he should, on the admitted facts, have been discharged on his application to the judge of the court of common pleas. It appears from the bill of exceptions, that a short time previous to this, Hafer had been subpoenaed in the same case, and had appeared and been examined at great length before a notary. By agreement the evidence had been taken by a stenographer, and transcribed; it being also agreed that the transcription should be the same as though taken in long hand by l.he notary. When his testimony, as written out by the stenographer, was presented to him for his signature, he claimed that there were inaccuracies in it, and refused to sign until the proper corrections were made. He indicated' the corrections that should be made, and agreed to sign it when made. This was refused him by the notary, and refusing to sign without the corrections being made, he was committed for contempt. On application to a judge of the court of common pleas, he was, as before stated, released. The question now is whether the party has the right to renew the taking of his adversary’s deposition, and cause him to be punished as for a contempt in refusing *172 to be sworn on a new subpoena. We think on the admitted facts of this case, he had not. There is no claim that anything had been overlooked or omitted at the previous examination, save that he refused to sign his deposition. This, we think, he had a right to do until the transcript was corrected as indicated by him, and the common pleas judge so held and discharged him. Nothing is more likely to occur than errors in taking down the testimony of a witness, even when done by a stenographer. The witness must be the judge as to whether his testimony had been accurately taken down by whoever it is done. What he signs is his sworn statement, and he should not be required-» to sign what he under oath says is not accurate. Perjury could not be assigned upon a deposition so taken. In case of a controversy about the matter, witnesses might be called at the trial to state what the defendant stated in the first instance, for the purpose of reflecting on his credibility ,but he cannot be compelled to sign a deposition which he says on oath is not correct. To permit a party to take and retake a deposition, particularly that of his adversary, without showing that something had been unavoidably overlooked in the former deposition, would open the door to a great abuse and should not be allowed in practice.

The judgment of the circuit court and that of the common pleas are reversed and- the plaintiff in error discharged.

Williams, Burket, Spear, Davis and Shauck, JJ., concur.